**Jose David Gonzales FLORES,**
**Petitioner,**

v.

**IMMIGRATION AND**
**NATURALIZATION SERVICE,**
**Respondent.**

No. 97–71347.
INS No. A73–915–055.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 22, 2001.

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

### MEMORANDUM [2]

Jose David Gonzales Flores, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' decision dismissing his appeal from an immigration judge's ("IJ") order granting voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[3] and we deny the petition.

Flores contends that his attorney and the IJ both failed to explain to him that he was waiving his right to apply for asylum when he sought only voluntary departure at his deportation hearing.

First, Flores points to no authority, and we have found none, for the proposition that an IJ must explain the consequences of seeking only voluntary departure to an alien who is represented by counsel.

Second, the record contains no evidence of ineffective assistance of counsel. *Cf. Castillo–Perez v. INS*, 212 F.3d 518, 526 (9th Cir.2000).

### PETITION FOR REVIEW DENIED.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

3. The Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRI-RA"), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), replaced this section with a new judicial review provision codified at 8 U.S.C. § 1252. However, because under IIRIRA's transitional rules this new review provision does not apply to petitioners like Flores whose deportation proceedings commenced before April 1, 1997, we continue to exercise jurisdiction under section 1105a(a). *See* IIRI-RA § 309(c)(1).